UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

RANDALL BLACK,

                 Plaintiff,

   - against -

ANHEUSER-BUSCH IN BEV, et al.,

                 Defendants.
----------------------------------------X

14 Civ. 2693 (RWS)

OPINION

A P P E A R A N C E S :


       PLAINTIFF PRO SE

       234 Bradhurst Ave.
       Apt. 15
       New York, NY 10039


       COUNSEL FOR DEFENDANT ANHEUSER-BUSCH
       DISTRIBUTORS OF NEW YORK, INC.

       JACKSON LEWIS P.C.
       666 Third Ave.
       29th Floor
       New York, NY 10017
       By:  John K. Bennett, Esq.
            Jennifer B. Courtian, Esq.
            Katherine F. Cser, Esq.
            Suzanne E. Peters, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/16

**Sweet, D.J.,**

By letter dated March 16, 2008, Plaintiff pro se Randall M. Black ("Plaintiff" or "Black") made requests for documents and surveillance footage. Thereafter, Defendant Anheuser-Busch Distributors of New York, Inc. ("Defendant" or "AB"), incorrectly captioned as "Anheuser-Busch In Bev" moved for summary judgment. Based on the conclusions set forth below, Defendant's motion for summary judgment is granted and Plaintiff's request is denied.

## I.    Prior Proceedings

Plaintiff commenced this action on January 6, 2014 in the Supreme Court of the State of New York.  Defendant removed the action to this court by Notice of Removal filed April 16, 2014. By Order dated June 9, 2016, Defendant Angel Martinez was dismissed, with reconsideration denied on January 30, 2015. Plaintiff sought pro bono counsel on January 13, 2016. With no motions then pending, the request was denied with leave granted to renew at the time of any dispositive action. The request was not renewed.

2

Plaintiff filed the instant letter request following his deposition, on March 18, 2016. Defendant filed the instant motion for summary judgment on April 14, 206. Defendant's summary judgment filings, Notice to a Pro Se Litigant pursuant to Local Civil Rule 56.2, and courtesy copies of all unpublished decisions cited in Defendant's moving papers were served on Defendant via overnight mail on the same date. By Order dated April 18, 2016, the motion was set returnable on May 12, 2016, directing papers to be served in accordance with Local Civil Rule 6.1. No further submissions from either party having been filed, the motion was deemed fully submitted on May 12, 2016.

## II.  Relevant Facts

The summary set forth below is based on Defendant's Local Civil Rule 56.1 statement. No opposition from Plaintiff having been filed, these facts are accepted as true for the purposes of the instant motion. See Local Civil Rule 56.2; Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004). They do not constitute findings of fact.

Black worked as a driver/helper for Anheuser-Busch Distributors of New York, Inc. at a facility in the Bronx

between 2006 and 2012. In August 2010, Black alleges that
colleague Miguel Martinez pulled up his own shirt and began
licking his own chest. Black reported the incident to then-
operations manager Tommy Shannon that month. A meeting was held
with Black, Martinez, Shannon, Delivery Manager Ray McLoughlin,
and others regarding the event. A company-wide meeting was then
held to re-train employees regarding the Workplace Harassment
Policy.

In March 2012, Al Montes DeOca approached Black from behind
and pulled down Black's shorts, exposing Black's underwear.
Black reported the incident on May 7, 2012.

Black further alleges that on May 4, 2012, Danny Cruz also
approached him from behind and pulled Black's shorts and
underwear down, exposing Black. Black reported the event to
McLoughlin. McLoughlin directed Black to file an incident
report, which Black did. It was forwarded to Shreyas
Balakrishnan, Director of Operations. The Report detailed all
three events.

Black did not want to meet with Cruz, and a meeting was
held between Cruz, Balakrishnan, and Human Resources Manager

4

Carol Verdon. Cruz was required to take a computer course on "Respect in the Workplace."

Later, Black met with Balakrishnan, Verdon, Shop Steward Corey Petrella, and his Union Delegate John Urlich. Black was advised that Cruz's behavior was not tolerated by Anheuser-Busch, and provided Black with a copy of the Workplace Harassment Policy. Black was offered counseling, which he declined. Black requested several days of leave, which were granted.

Plaintiff had a second meeting with Balakrishnan on May 31, 2012. They discussed posting anti-harassment signs in the workplace and the frequency of harassment training. The Workplace Harassment Policy was discussed at a company monthly-meeting.

Plaintiff injured himself on the job on June 12, 2012. He took leave that day and filed a worker's compensation claim. By letter on March 11, 2013, Plaintiff was offered a position in the Restricted Duty Program, where the job demands would be tailored to Plaintiff's restriction. The letter requested a response no later than March 18, 2013. No response was received and Plaintiff never returned to work.

Black alleges he informed Union Delegate Angel Martinez about his out of work status on May 17, 2013. Defendant was never informed of this communication.

Pursuant to a one-year limitation on leave in the Collective Bargaining Agreement, Plaintiff's employment was terminated on June 14, 2013. Black filed a grievance with the union, alleging he was terminated because of lack of communication between AB and Martinez. The Union did not take the grievance to arbitration.

In December 2012, Plaintiff filed a complaint with the New York City Commission on Human Rights ("NYCCHR") alleging sexual harassment and gender discrimination. The incidents with Mr. DeOca and Cruz are the basis of the complaint. On November 22, 2013, a Determination and Order After Investigation was issued finding no probable cause, and dismissing the complaint. On February 24, 2014, the EEOC issued a determination adopting the NYCCHR findings.

Plaintiff's complaint alleges "defendant A-B IN BEV has breached there responsibil [sic]." Notice of Removal at 9-13 ("Compl."). Specifically, the complaint recounts the three

6

incidents, the May 31, 2012 conversation with Balakrishnan, and

alleges the following:

> Defendant Anheuser Busch IN BEV Balakrishnan failed to
> update or enforce it's [sic] [workplace harassment] policy.
> 1- Did not post harassment signs in designated areas
> 2- fail [sic] to enforce company policy for example A-B IN
> BEV waits until an incident breaks out then start saying
> what can we do to ensure this incident doesn't happen again
> but by then it's to late [sic].

Notice of Removal at 11. The Complaint also sets forth a claim

for wrongful termination:

> 1-On June 14, 2013 plaintiff Black received call [sic] from
> defendant A-B IN BEV Jesse Rivera that Black position [sic]
> was terminated due to not calling company about status
> before (1) year anniversary was past do [sic] per company
> policy.
> 2- On May 17, 2013 plaintiff Black talked to defendant
> union delicate [sic] Angel Martinez about Black's status of
> being out of work in which Black explained that Black
> remain on compensation and remain [sic] in doctor's and
> physical therapist's care Martinez was suppost [sic] to
> inform A-B Managme [sic] about Black's status but fail to
> [sic].

Id. at 12.

## III. Applicable Standard

Summary judgment is appropriate only where "there is no

genuine issue as to any material fact and . . . the moving party

is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(c).  "[T]he substantive law will identify which facts are

material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986).

A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The relevant inquiry on application for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. A court is not charged with weighing the evidence and determining its truth, but with determining whether there is a genuine issue for trial. Westinghouse Elec. Corp. v. N.Y. City Transit Auth., 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting Anderson, 477 U.S. at 249). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48 (emphasis in original).

Plaintiff's pro se status alters the interpretation of Plaintiff's submissions, but not the burdens of law on either party. Pro se submissions are held "to less stringent standards than formal pleadings drafter by lawyers" and must be read to "raise the strongest arguments they suggest." Olle v. Columbia Univ., 332 F. Supp. 2d 599, 607 (S.D.N.Y. 2004), aff'd, 136 F. App'x 383 (2d Cir. 2005) (citations omitted). In addition, "even when a nonmoving party chooses the perilous path of failing to

submit a response to a summary judgment motion," the burden

remains on the defendant to demonstrate summary judgment is

appropriate as a matter of law. Amaker v. Foley, 274 F.3d 677,

681 (2d Cir.2001); see also Vermont Teddy Bear, 373 F.3d at 244;

Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 n. 1 (2d Cir.

2001); Booker v. Fed. Reserve Bank of New York, Nos. 01 Civ.

2290(DC) & 01 Civ. 2291(DC), 2003 WL 1213148, at *12 (S.D.N.Y.

Mar. 17, 2003); Mattel, Inc. v. Pitt, 229 F.Supp.2d 315, 320

(S.D.N.Y. 2002).


However, proceeding pro se "does not otherwise relieve a

litigant from the usual requirements of summary judgment, and a

pro se party's 'bald assertion,' unsupported by evidence, is not

sufficient to overcome a motion for summary judgment." Cole v.

Artuz, No. 93 Civ. 5981(WHP)(JCF), 1999 WL 983876, at *3

(S.D.N.Y. Oct. 28, 1999) (quoting Carey v. Crescenzi, 923 F.2d

18, 21 (2d Cir. 1991)); see also Lee v. Coughlin, 902 F.Supp.

424, 429 (S.D.N.Y. 1995).


**IV. Defendants' Motion for Summary Judgment is Granted**


The complaint may reasonably be read to raise claims of (1)

sexual harassment, discrimination, and hostile work environment

9

stemming from the incidents with Martinez, DeOca, and Cruz, (2)
wrongful termination, and (3) breach of the collective
bargaining agreement stemming from the three incidents and
Black's termination. Each will be addressed in turn.

## A.   Sexual Harassment, Discrimination, and Hostile Work
Environment Claims Are Dismissed

Black filed a Verified Complaint with the NYCCHR on
December 17, 2012 setting forth the events with DeOca and Cruz.[1]
Bennet Decl., Ex. G at 79-81, ¶¶ 8-10 ("NYCCHR Compl."). The
NYCCHR Complaint set forth claims for gender discrimination and
sexual harassment on the basis of the incidents, in violation of
Title 8 of the Administrative Code of the City of New York and
Title VII of the Civil Rights Act of 1964, as amended. Id. ¶ 12-
13. After investigation, the NYCCHR determined there was "no
probable cause to believe that [Defendant] engaged in the
unlawful discriminatory practices alleged." Bennet Decl., Ex. H
at 83-86 ("NYCCHR Decision"). Though the decision determined
"these incidents did actually occur," the incidents were not

---

[1] The NYCCHR Complaint alleges the incident with Cruz occurred
"on or about May 4, 2012." NYCCHR Compl. ¶ 9. The Complaint
filed in the instant action states the incident occurred in
April 2012. Notice of Removal at 10. They are the same incident.
Bennet Decl., Ex. B at 63-64 ("Black Tr.").

sexual in nature in the context of the workplace environment where horseplay regularly occurred. Id. at 85. Moreover, Defendant lacked the legally required notice required to impute liability. Id.

Black fully litigated his harassment and discrimination claims with respect to the DeOca and Cruz incidents before the NYCCHR. New York City Human Rights Law provides:

> any person claiming to be aggrieved by an unlawful discriminatory practice . . . shall have a cause of action in any court of competent jurisdiction . . . unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice or act of discriminatory harassment or violence.

New York City, N.Y., Code § 8-502 (emphasis added).[2]

In short, the election of remedies provision erects a jurisdictional bar to relitigation of claims that have been brought before the NYCCHR and found to be without probable cause. See MacEntee v. IBM (Int'l Bus. Machines), 783 F. Supp. 2d 434, 447 (S.D.N.Y. 2011) aff'd sub nom. MacEntee v. IBM, 471 F. App'x 49 (2d Cir. 2012) cert. denied 133 S.Ct. 985, 184

---

[2] New York Human Rights Law provides similarly:
> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights.

N.Y. Exec. Law § 297(9).

L.Ed.2d 774, reh'g denied 133 S.Ct. 1751, 185 L.Ed.2d 805 ("""Because the [New York State Division of Human Rights] dismissed [Plaintiff's] claims for a lack of probable cause, Plaintiff is barred from re-litigating the same claims in this Court."). Removing any doubt, the Second Circuit has made clear that "the language of the [City Human Rights Law] is nearly identical to that of § 297(9), and discussion of the latter applies equally to the former." York v. Ass'n of Bar of City of New York, 286 F.3d 122, 127 (2d Cir. 2002) (citation and internal quotation marks omitted). "Thus, by the terms of the statute and code, respectively, the [New York state and City Human Rights Law] claims, once brought before [a human rights agency], may not be brought again as a plenary action in another court." Id. (citation omitted).

Whether the claims for relief in Plaintiff's instant complaint can be read to arise under different statute than the NYCCHR claim does not save the claim from the election of remedies bar. A different pled form of relief arising out of the same incident forming the basis of the claims before the Agency is likewise barred by the election of remedies provision. Borum v. Vill. of Hempstead, 590 F. Supp. 2d 376, 383 (E.D.N.Y. 2008). "Plaintiff cannot substantively litigate his claims before a competent state agency, then circumvent the concomitant

12

jurisdictional bar by pleading the same events but checking a different box on the next effort." Turner v. Concourse Vill., Inc., No. 12 CIV. 8739 (RWS), 2016 WL 345575, at \*4 (S.D.N.Y. Jan. 27, 2016).

The incident with Martinez was not litigated before the NYCCHR. However, the statute of limitations on any claim arising from the Martinez incident has since lapsed. "A civil action commenced under [New York City Human Rights Law] must be commenced within three years after the alleged unlawful discriminatory practice or act of discriminatory harassment or violence as set forth in chapter six of this title occurred." New York City, N.Y., Code § 8-502(d).[3] Under the law of New York state, "[a]ny complaint filed pursuant to [New York Human Rights Law] must be so filed within one year after the alleged unlawful discriminatory practice." N.Y. Exec. Law § 297(5).The Complaint alleges the incident with Martinez occurred in "August of 2010."

---

[3] The statute of limitations on a claim is tolled upon the filing of a petition with a human rights agency. New York City, N.Y., Code § 8-502(d); Pan Am. World Airways, Inc. v. New York State Human Rights Appeal Bd., 61 N.Y.2d 542, 549, 463 N.E.2d 597, 600 (1984) (addressing state human rights law claim). However, "tolling applies only to the discriminatory practices alleged in the administrative complaint." Kazimierski v. New York Univ., 11 Misc. 3d 1087(A), 819 N.Y.S.2d 848 (Sup. Ct. 2006). The Martinez incident cannot be deemed to have been tolled by a NYCCHR petition that did not allege it.

13

Compl. at 10. Any state claim that might be read from Plaintiff's 2014 complaint arising from the incident with Martinez is therefore barred by the statute of limitations.

With respect to any claim arising from the Martinez incident under Title VII, "[a]n aggrieved employee wishing to bring a Title VII claim in district court must file an administrative complaint with the EEOC within 300 days of the alleged discriminatory act." Petrosino v. Bell Atl., 385 F.3d 210, 219 (2d Cir. 2004) (citing Elmenayer v. ABF Freight Sys., Inc., 318 F.3d 130, 133 (2d Cir.2003) (citing 42 U.S.C. § 2000e-5(e))). Because Black did not allege any claim in his NYCCHR complaint arising from the Martinez incident, the statute of limitations was not tolled. Any federal claim Black may have had therefore lapsed 300 days after the Martinez event occurred.

To the extent Plaintiff raises a claim of hostile work environment stemming from the three events, the complaint fails to plead the elements necessary to sustain such a claim.

> "In order to prevail on a hostile environment sexual harassment claim under Title VII, a plaintiff must establish two elements. First, she must prove that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. ... Second, the plaintiff must show that a specific basis exists for imputing the conduct that created the hostile environment to the employer."

14

Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2d Cir. 1997)
(citations and internal quotation marks omitted).

Plaintiff has not made any allegations or pled any facts
tending to show severity or pervasiveness, and has not addressed
imputation of liability to Defendant. "Isolated, minor acts or
occasional episodes do not warrant relief." Brennan v. Metro.
Opera Ass'n, Inc., 192 F.3d 310, 318 (2d Cir. 1999) (citations
omitted). "For [New York Human Rights Law] liability ... the
primary issue for a trier of fact in harassment cases, as in
other terms and conditions cases, is whether the plaintiff has
proven by a preponderance of the evidence that she has been
treated less well than other employees because of her gender."
Williams v. New York City Hous. Auth., 61 A.D.3d 62, 78, 872
N.Y.S.2d 27 (2009). Plaintiff fails to meet this lower burden,
as he pleads no facts or even conclusions suggesting he was
treated differently than other employees on the basis of his
gender or any other protected class membership.

Because Black's claims arising from the DeOca and Cruz
incidents are jurisdictionally barred by the election of
remedies doctrine, because any claim of harassment or
discrimination arising from the Martinez incident is time-
barred, and because Plaintiff fails to plead the elements of

15

hostile work environment, Defendant's motion for summary
judgment is granted with respect to these claims.

## B.   **Wrongful Termination Due to Retaliation or Discrimination**

As discussed above, "[b]efore commencing a Title VII
action, a plaintiff must exhaust his administrative remedies. ...
Courts may only hear claims that were raised in the underlying
administrative charge." Bailey v. Colgate-Palmolive Co., No. 99
CIV. 3228 (CBM), 2003 WL 21108325, at *12 (S.D.N.Y. May 14,
2003), aff'd, 93 F. App'x 321 (2d Cir. 2004). Plaintiff was
terminated after his adjudication before the NYCCHR. He did not
thereafter file a wrongful termination or retaliation claim with
the EEOC.

Failure to exhaust underlying administrative remedies may
be excused for claims "reasonably related" to those brought in
the underlying charge, including unasserted claims alleging
retaliation for filing of the underlying charge. Id. However,
where the plaintiff's underlying EEOC claim "mak[es] no
reference to retaliatory conduct on the part of defendant, [and]
is bereft of any factual allegation from which one could infer
that plaintiff is asserting retaliation," the "reasonably

related" safety valve does not apply. Id. at 12-13. This is precisely the case where there is no mention of retaliatory conduct exists in the NYCCHR petition, as Plaintiff's termination occurred afterward. Accordingly, any wrongful termination claim on the basis of retaliation must be dismissed for failure to exhaust remedies. See id.

With respect to any wrongful termination claim stemming from discrimination that may be deemed reasonably related to what Plaintiff did bring before the EEOC, Plaintiff has failed to plead any facts giving rise to an inference of discrimination sufficient to support a plausible claim of termination on this basis. In New York and under Title VII, "[t]o establish a *prima facie* case of intentional discrimination, a plaintiff must show: (1) that he is a member of a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse action took place under circumstances giving rise to an inference of discrimination." Wright v. City of Syracuse, 611 F. App'x 8, 11 (2d Cir. 2015). Plaintiff pleads no adverse action or any facts suggesting adverse action except his termination. However, even if the incidents in question constitute harassment, Plaintiff pursued a reporting and accountability process, subsequently having productive discussions with management about the events.

17

Even if he was dissatisfied with the ultimate response, there
are no facts to raise an inference that the termination was on
the basis of his membership in a protected class.

Accordingly, summary judgment is granted and any wrongful
termination claim is dismissed.

## C.    Plaintiff's Claims Regarding Breach of the Collective
Bargaining Agreement Remain

Plaintiff's complaint alleges "defendant A-B IN BEV has
breached there responsibil [sic]." Compl. at 13. Defendants are
aware that Plaintiff has raised a claim that he "was wrongfully
terminated on June 14, 2013 due to his absence from work for
more than one (1) year, under the relevant provisions of the
applicable collective bargaining agreement ... and that
plaintiff's Union representative, defendant Angel Martinez,
failed to represent his interests." Notice of Removal at 2, ¶ 3.
Defendants submit "Plaintiff's asserted claim of wrongful
discharge against defendant Anheuser-Busch is necessarily
dependent upon interpreting the terms of provisions of the
applicable collective bargaining agreement," Id., ¶ 6, using the
agreement as grounds to invoke this court's jurisdiction. Id.,
¶¶ 6-10.  In light of this fact and the law that Plaintiff's

18

complaint must be read to raise the strongest claims it suggests, Olle, 332 F. Supp. 2d at 607, the Court interprets Black's complaint to raise a claim that his termination was in breach of the collective bargaining agreement.

Defendant has sought summary judgment for sexual harassment and discrimination, hostile work environment, and retaliation. See Def.'s Mem. of Law. Although Defendant's motion papers allege that Black was terminated pursuant to the agreement, summary judgment was not sought on breach of contract claims. The burden of demonstrating summary judgment is appropriate is on defendant. Amaker, 274 F.3d 677, 681 (2d Cir.2001); see also Vermont Teddy Bear, 373 F.3d at 244; Holtz, 258 F.3d at 74 n. 1 (2d Cir. 2001); Booker, 2003 WL 1213148, at *12; Mattel, 229 F.Supp.2d at 320. No argument having been made that summary judgment is appropriate with respect to any contract related claims, these claims survive.

## V.   **Plaintiff's Discovery Requests are Denied**

Plaintiff has requested surveillance footage relating to his interactions with Cruz, DeOca, Martinez, and related to a "new information" incident in June 2012 involving an

"inappropriate toy." Pl.'s letter filed March 18, 2016 at 1-2.

Plaintiff also requests information as to "what action

constitutes workplace horseplay and what action constitutes

unlawful behavior," id. at 2, and documents related to the Cruz,

DeOca, and Martinez incidents. Each of these requests relates

solely to Plaintiff's discrimination, harassment, and wrongful

termination claims. Further, in so far as their occurrence

relates to any breach of contract claim, Defendant has admitted

them. The requests are therefore denied as moot as they relate

to the now dismissed claims, and irrelevant as they relate to

any remaining claims.

## VI.   Conclusion

As set forth above, Defendant's motion for summary judgment is granted with respect to Plaintiff's harassment, discrimination, retaliation, hostile work environment, and wrongful termination claims. Plaintiff's claim(s) of breach of contract remain. This opinion resolves ECF No. 47.

It is so ordered.

New York, NY
July  /(  , 2016

_____
ROBERT W. SWEET
U.S.D.J.

21