UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------X

RANDALL M. BLACK,

                Plaintiff,

     -against-

ANHEUSER-BUSCH IN BEV, et al.,

                Defendants.

--------------------------------------X

14 Civ. 2693

OPINION

A P P E A R A N C E S:

     Pro se

     RANDALL M. BLACK
     310 W. 143 ST., APT. 3-C
     New York, NY 10030

     Attorneys for Defendants

     JACKSON LEWIS P.C.
     666 Third Avenue, 29th Floor
     New York, NY 10017
     By:  John K. Bennett, Esq.
          Jennifer B. Courtian, Esq.
          Suzanne E. Peters, Esq.

**Sweet, D. J.**

Defendant Anheuser-Busch Distributors of New York, Inc. ("Defendant" or "Anheuser-Busch"), named in the caption as "Anheuser-Busch In Bev", has moved pursuant to Fed. R. Civ. P. 56 for summary judgment to dismiss *pro se* Plaintiff Randall Black ("Black" or the "Plaintiff") of the remaining claim of breach of contract. Based upon the facts and conclusions set forth below, the Defendant's motion is granted and the complaint is dismissed.

## I.   Prior Proceedings

On January 6, 2014, Plaintiff filed a complaint in the Supreme Court of the State of New York (the "Complaint"). Anheuser-Busch removed the action to this Court on April 16, 2014. In the Complaint, Plaintiff asserted claims of alleged sexual harassment, discrimination, retaliation, and hostile work environment against Anheuser-Busch.

The Complaint also asserted a claim against Defendant Angel Martinez ("Martinez"), a representative of his labor organization, Teamsters Local Union 812, for a breach of duty of fair representation. By order of June 9, 2014, Martinez's motion

1

to dismiss was granted and the Court affirmed that dismissal in
a January 30, 2015 Order determining that any such hybrid claim
of violation of a labor contract by the employer under section
301 of the Labor-Management Relations Act, and breach of the
duty of fair representation by the union, was time-barred
pursuant to the applicable six-month limitations period for such
claims.

On July 13, 2016, the Court granted Defendant's April
14, 2016 motion for summary judgment and dismissed the sexual
harassment, discrimination, and retaliation claims contained in
the Complaint.

On or about September 12, 2016, the Court granted
Anheuser-Busch leave to file a separate motion for summary
judgment on Plaintiff's breach-of-contract claim. The instant
motion was marked fully submitted on November 3, 2016.

**II.   The Facts**

Pursuant to Local Civil Rule 56.1, the material facts
relevant to this motion are set forth in Defendant's Statement
of Undisputed Material Facts (hereinafter "SUMF"). Black

2

submitted an unsworn statement and memoranda. The facts are not in dispute except as set forth below.

Plaintiff was employed by Anheuser-Busch at its Bronx facility located at 550 Food Center Drive, Bronx, New York. SUMF ¶ 1. As a helper/driver, Plaintiff was a member of the Teamsters Local 812 Union (the "Union"). *Id.* ¶¶ 2, 3. The contract covering members of the Union is the collective bargaining agreement (the "CBA") between Anheuser-Busch and Soft Drink & Brewery Works Local Union 812, an affiliate of the International Brotherhood of Teamsters. *Id.* ¶ 4.

On June 12, 2012, Plaintiff took a leave of absence as a result of injuries he reportedly sustained while delivering products to a customer's premises. *Id.* ¶¶ 5-7. On March 11, 2013, Anheuser-Busch sent Plaintiff a letter confirming that Plaintiff had attended an independent medical examination ("IME") by Dr. Varriale. *Id.* ¶ 8. Following that IME, Anheuser-Busch offered Plaintiff a position in its Restricted Duty Program – where all tasks performed by Plaintiff would be tailored to fit his restriction of lifting no more than 30 pounds – and asked Plaintiff to respond to the offer by no later than March 28, 2013. *Id.* ¶¶ 9-10. Plaintiff never responded to Anheuser-Busch's offer to return to work on restricted duty and

3

did not return to work at Anheuser-Busch after June 12, 2012. *Id.* ¶¶ 11-12.

Pursuant to Articles 5 and 29 of the CBA, there is a one-year limitation one leaves of absence, causing an employee to lose his seniority if he remains out of work for more than one year. *Id.* ¶ 13. On June 14, 2013, an Anheuser-Busch supervisor, Jesse Rivera ("Rivera"), called Plaintiff and told him that his one-year anniversary of being out of work on a leave had passed, and his employment was terminated. *Id.* ¶ 14. Plaintiff filed a grievance with the Union regarding the termination of his employment. *Id.* ¶ 15. In his grievance, Plaintiff states that on June 4, 2013, Rivera informed him that his one-year anniversary of being out of work on leave had passed, which caused his employment to be terminated. *Id.* ¶ 16.

When Plaintiff discussed his grievance with the Union, he sought certain remedies for a workplace harassment complaint against a Union-represented co-worker. *Id.* ¶ 17. Plaintiff took the position in the grievance concerning his termination that he would have declined the remedy of returning to work at Anheuser-Busch "due to Anheuser-Busch failed workplace sexual harassment policy and wrongful termination;" specifically, the fact that Anheuser-Busch "didn't update the suggestions that were brought

4

up at the meeting, that change our two-year policy - workplace harassment policy to yearly and place harassment signs posted in the designated areas." *Id.* ¶ 18. The Union did not take Plaintiff's grievance concerning his termination to arbitration. *Id.* ¶ 19.

## III.   The Applicable Standard

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)

A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  The relevant inquiry on application for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.  A court is not charged with weighing the evidence and determining its truth, but with determining whether there is a genuine issue for trial.  *Westinghouse Elec. Corp. v. N.Y. City Transit Auth.*,

5

735 F. Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting *Anderson*, 477
U.S. at 249). "[T]he mere existence of *some* alleged factual
dispute between the parties will not defeat an otherwise
properly supported motion for summary judgment; the requirement
is that there be no genuine issue of material fact." *Anderson*,
477 U.S. at 247-48 (emphasis in original).

While the moving party bears the initial burden of
showing that no genuine issue of material fact exists, *Atl. Mut.
Ins. Co. v. CSX Lines, L.L.C.*, 432 F.3d 428, 433 (2d Cir. 2005),
in cases where the non-moving party bears the burden of
persuasion at trial, "the burden on the moving party may be
discharged by 'showing'—that is, pointing out to the district
court—that there is an absence of evidence to support the
nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317,
325 (1986). "It is ordinarily sufficient for the movant to point
to a lack of evidence . . . on an essential element of the non-
movant's claim . . . . [T]he nonmoving party must [then] come
forward with admissible evidence sufficient to raise a genuine
issue of fact for trial . . . ." *Jaramillo v. Weyerhaeuser Co.*,
536 F.3d 140, 145 (2d Cir. 2008) (internal citations omitted);
*see also Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d
14, 18 (2d Cir. 1995) ("Once the moving party has made a
properly supported showing sufficient to suggest the absence of

6

any genuine issue as to a material fact, the nonmoving party . . . must come forward with evidence that would be sufficient to support a jury verdict in his favor").

## IV.   The Complaint Fails to Allege a Breach of Contract by Defendant

"To establish a *prima facie* case for breach of contract, a plaintiff must plead and prove: (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach." *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004) (internal citation omitted). Although a *pro se* litigant's pleadings are entitled to some deference, "there are limits to the deference to which a plaintiff – even one appearing pro se – is entitled." *Troni v. Di Milano*, No. 89 Civ. 3299, 1992 U.S. Dist. LEXIS 249, at *5 (S.D.N.Y. Jan. 14, 1992). "[T]his deference does not extend so far as to exempt him from the most basic pleading rules of the federal court system." *Bishop v. Henry Modell & Co.*, No. 08 Civ. 7541, 2010 WL 1685958, at *5 (S.D.N.Y. Apr. 15, 2010).

Plaintiff's Complaint asserts claims and allegations of sexual harassment, discrimination, and retaliation that Plaintiff alleged he experienced while employed by Anheuser-

7

Busch, which have already been dismissed by the Court. Compl.
¶¶ 3, 4, 5, 6. Plaintiff does not refer to the CBA in his
Complaint, or allege any facts to assert a claim under section
301 of the LMRA that Anheuser-Busch violated the CBA in
terminating his employment. Plaintiff breached the CBA and
readily admitted during his deposition that the CBA was clear:
if an employee performs no active work for more than a year, due
to an extended absence, the employee's seniority is terminated,
resulting in the termination of his employment. SUMF ¶ 13.

As to his wrongful termination claim, Plaintiff
focuses only on the alleged failure of Martinez, Plaintiff's
Union representative, to "inform AB Management about Black's
status." Compl. p. 6, ¶ 2. At no point in Plaintiff's deposition
did he assert that Anheuser-Busch breached the terms of the CBA
when terminating his employment, but states that he spoke with
Martinez on May 17, 2013 about his status of being out of work
and Martinez failed to inform Anheuser-Busch of Plaintiff's
status. SUMF ¶ 16.

Plaintiff's reference that "A-B In Bev has breached
there [sic] responsibil [sic]" in Paragraph 7 of the Complaint
similarly does not assert a valid breach-of-contract claim
against Anheuser-Busch. By Plaintiff's own admission, those

8

"responsibilities" did not relate to any contract, but rather
the alleged responsibilities detailed in Paragraphs 5 and 6 of
the Complaint, which relate solely to Plaintiff's workplace
harassment claim. In Paragraph 5, Plaintiff alleges that he
discussed with Anheuser-Busch's Director of Operations, Shreya
Balakrishnan,

> about placing harassment signs posted in designated
> areas [and] later brought up the idea of having our
> harassment signs written in Spanish and well as our
> policy to ensure all employees understand what the
> Company policy is all about. Balakrishnan brought up
> the idea of changing our current (2) year harassment
> policy to yearly and bring it up in our monthly
> meetings.

Compl. ¶ 5. In Paragraph 6, Plaintiff alleges that Anheuser-
Busch "failed to update or enforce its policy: (1) did not post
harassment signs in designated areas; (2) failed to enforce
company policy for example A-B In Bev waits until an incident
breaks out then start [sic] saying what can we do to ensure this
incident doesn't happen again but by then it's too late." Compl.
¶ 6. It was solely in that specific context of updating and
posting its anti-harassment policy that Plaintiff alleges that
"A-B In Bev has breached there [sic] responsibil [sic]." Compl.
¶ 7.

During his deposition, Plaintiff confirmed that the
"responsibilities" referred to his workplace harassment claims

9

and not a breach of the CBA. When Plaintiff discussed his grievance with the Union, he asked whether Anheuser-Busch would give him certain requested relief relating to his prior complaint of workplace harassment by a Union represented co-worker. SUMF ¶ 17. Plaintiff determined that if there had been a grievance on his termination, he would have declined to return to work at Anheuser-Busch "due to Anheuser Busch failed [to address] workplace sexual harassment policy and wrongful termination;" specifically, the fact that Anheuser-Busch "didn't update the suggestions that were brought up at the meeting, that change our two-year policy -- workplace harassment policy to yearly and place harassment signs posted in the designated areas." *Id.* ¶ 18. Accordingly, the "responsibilities" to which Plaintiff referred were not the responsibilities of Anheuser-Busch set forth in the CBA but rather Anheuser-Busch's decision not to adopt Plaintiff's suggestions.

Because Plaintiff fails to assert a valid breach-of-contract claim against Anheuser Busch and the record is devoid of any evidence that would support any such claim, any remaining breach-of-contract claim is dismissed.

10

**V.   Dismissal of Previous Breach of Contract Claim Requires Dismissal of the Instant Breach of Contract Claim**

The Court's dismissal of Plaintiff's hybrid LMRA section 301 breach-of-contract/breach of duty of fair representation claim in its June 9, 2014 and January 30, 2015 Orders constitutes law of the case and requires dismissal of any remaining breach-of-contract claim against Anheuser-Busch.

"It is well-settled that an employee may maintain a breach of contract action based upon a CBA directly against the employer only if 'the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.'" *Tomney v. Int'l Ctr. for the Disabled*, 357 F. Supp. 2d 721, 738 (S.D.N.Y. 2005) (quoting *Vaca v. Sipes*, 386 U.S. 171, 186 (1967). "Although formally comprised of two separate causes of action, a suit in which an employee alleges that an employer has breached a CBA and that a union has breached its duty of fair representation by failing to enforce the CBA is known as a 'hybrid §301/fair representation claim.'" *Acosta v. Potter*, 410 F. Supp. 2d 298, 308 (S.D.N.Y. 2006) (internal citations omitted); *see also DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983).

11

In a hybrid claim under § 301, "an employee may sue
the union, the employer, or both, but 'must prove both (1) that
the employer breached a collective bargaining agreement and (2)
that the union breached its duty of fair representation vis-a-
vis the union members.'" *Dennis v. Local 804, L.B.T. Union*, No.
07. Civ. 9754, 2009 U.S. Dist. LEXIS 44817, at *13 (S.D.N.Y. May
27, 2009) (quoting *White v. White Rose Food*, 237 F.3d 174, 178
(2d Cir. 2001)). The Supreme Court of the United States has made
clear that in order to "prevail against either the company or
the Union," employee-plaintiffs "must not only show that their
discharge was contrary to the contract but must also carry the
burden of demonstrating breach of the duty by the Union." In
*DelCostello*, 462 U.S. at 165. An employee's claim against his
employer for breach of a collective bargaining agreement can
therefore proceed only if the employee's union violated its duty
of fair representation.

This Court dismissed Plaintiff's hybrid LMRA Section
301 breach-of-contract/breach of duty of fair representation
claim in its June 9, 2014 Order and affirmed that dismissal in
its January 30, 2015 Order, specifically ruling that any such
claim by Plaintiff is time-barred. The Court's decisions in
those Orders are "the law of the case." The "law of the case"
doctrine "posits that if a court decides a rule of law, that

12

decision should continue to govern in subsequent stages of the
same case." *Aramony v. United Way*, 254 F.3d 403, 410 (2d Cir.
2001) (quotation and citation omitted). Therefore, without good
reason not to, a court will "generally adhere to [its] own
earlier decision on a given issue in the same litigation." *In re
Rezulin Liability Litigation*, 224 F.R.D. 346, 350 (S.D.N.Y.
2004) (quoting *Tri-Star Pictures, Inc. v. Leisure Time Prods.,
B.V.*, No. 88 Civ. 9127, 1992 WL 296314, at *7 (S.D.N.Y. Oct. 6,
1992)).

        The Court's dismissal of Plaintiff's hybrid LMRA
section 301 breach-of-contract/breach of duty of fair
representation claim in its prior Orders necessarily dismissed
any breach-of-contract claim against Anheuser-Busch. *See, e.g.*,
*Tomney*, 357 F. Supp. 2d at 738 ("The Union did not violate its
DFR, and so Tomney's claims against ICD for violating the CBA
are dismissed."). Indeed, in this Court's January 30, 2015
Order, it cited *Carrion v. Enter. Ass'n, Metal Trades Branch
Local Union 638*, 227 F.3d 29 (2d Cir. 2000), which specifically
confirms this. In *Carrion*, the Second Circuit found that "[The
employee's] claims against [the employer] and the Union cannot
be separated. Even if [the employee] had sued only [the
employer] for violating the CBA . . . he would still have been

13

required to show that the union breached its duty of fair representation." *Carrion*, 227 F. 3d at 34.

Plaintiff's claim against Martinez for breach of the Union's duty of fair representation and any breach-of-contract claim against Anheuser-Busch are subject to the same six-month limitations period under *DelCostello* and its progeny. Therefore, the Court's prior dismissal of the claim against Martinez on the grounds of it being time-barred necessarily leads to the conclusion that no breach-of-contract claim can be brought against Anheuser-Busch. See *Carrion*, 227 F.3d at 32 ("We hold that [the employee's] claim against [the employer] and the Union for breach of the CBA . . . allege a hybrid § 301/fair representation claim subject to the six-month statute of limitations established by the Supreme Court in *DelCostello*.") (citation omitted).

The Court's previous Orders finding that Plaintiff's hybrid LMRA section 301/fair representation claim was time-barred by the six-months limitations period constitutes "the law of the case" and precludes the same claim from proceeding against Anheuser-Busch as a matter of law.

14

**VI.    The Breach-of-Contract Claim is Time-Barred**

Even if Plaintiff had asserted a valid breach-of-
contract claim against Anheuser Busch regarding the CBA – which
he did not – and such claim was not previously dismissed by the
Court, any remaining claim against Anheuser-Busch for breach of
the CBA is time-barred.

It is well established that when the nature of a
plaintiff's claim is that the employer breached the CBA and the
union breached its duty to enforce the CBA, the plaintiff has
alleged what is more commonly known as a hybrid § 301/fair
representation claim. *See DelCostello v. Int'l Bhd. of
Teamsters*, 462 U.S. 151, 165 (1983). Any claim by an employee
against the union or the employer must be brought within six
months of the time the employee knew of the breach of the
collective bargaining agreement or breach of duty of fair
representation. *See id.* at 158, 165; *Carrion*, 227 F.3d at 32.

Here, the only conceivable breach of the CBA is the
alleged wrongful termination of Plaintiff's employment on June
14, 2013. Plaintiff did not file his Complaint until January 6,
2014, more than six months later. Accordingly, as a matter of
law, any LMRA section 301 breach-of-contract claim against

15

Anheuser-Busch is barred by the statute of limitations and must be dismissed.

## VII.  Conclusion

Based upon the facts and conclusions set forth above, the Defendant's motion for summary judgment is granted and the Plaintiff's remaining claim for breach of contract is dismissed with prejudice.

It is so ordered.

**New York, NY**
**November /6, 2016**

ROBERT W. SWEET
U.S.D.J.

16